UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOVICA PETROVIC, Petitioner | CIVIL ACTION NO. 1:17-CV-1256-P |
| VERSUS | JUDGE DEE D. DRELL |
| JEFF SESSIONS, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Jovica Petrovic ("Petrovic"). At the time of filing, Petrovic was a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Detention Center in Jena, Louisiana. Petrovic challenges his order of removal.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Petrovic is a native of Croatia and citizen of Germany. (Doc. 1, p. 3). In 2012, Petrovic was convicted of interstate extortionate threat and interstate stalking and harassment in violation of protection orders. (Doc. 1-2, p. 91). Petrovic was sentenced to 96 months of imprisonment. (Doc. 1-2, p. 91). Based on the foregoing offenses, Petrovic was ordered removed from the United States. (Doc. 1-2, pp. 91, 93). After filing this § 2241 petition, Petrovic was removed to Germany. (Doc. 8).

II. <u>Law and Analysis</u>

Petrovic claims his deportation order was improperly issued because his crimes were not crimes of violence or aggravated felonies. (Doc. 1, p. 18). Thus, Petrovic challenges the validity of his order of removal.

As the Fifth Circuit has explained:

> Congress on May 11, 2005, enacted the REAL ID Act, Pub.L. No. 109–13, 119 Stat. 231, which amends the Immigration and Nationality Act ("INA") by explicitly foreclosing habeas review of removal orders and by providing that a petition for review is the sole and exclusive means of judicial review for all removal orders except those issued pursuant to 8 U.S.C. § 1225(b)(1). See Pub.L. No. 109–13, 119 Stat. 231, 310, § 106(a)(1)(B). More specifically, the REAL ID Act amends 8 U.S.C. § 1252(a)(2)(C) to provide that the wholesale preclusion of judicial review where a removal order is based on, *inter alia*, the alien's commission of an aggravated felony includes a preclusion of habeas review. See Pub.L. No. 109–13, 119 Stat. 231, 310, § 106(a)(1)(A)(ii).

<u>Ramirez-Molina v. Ziglar</u>, 436 F.3d 508, 511-12 (5th Cir. 2006); <u>Hernandez–Castillo v. Moore</u>, 436 F.3d 516, 518 (5th Cir. 2006).

In other words, the REAL ID Act "divested federal courts of jurisdiction over § 2241 petitions attacking removal orders, effective immediately and retroactively." <u>Rosales v. Bureau of Immigration & Customs Enforcement</u>, 426 F.3d 733, 736 (5th Cir. 2005). Under the REAL ID Act, a petition for review filed in the appropriate court of appeals is the exclusive means for judicial review of a removal order. See 8 U.S.C. § 1252(a)(5); <u>Rosales</u>, 426 F.3d at 736; <u>see</u> <u>also</u> <u>Merlan v. Holder</u>, 667 F.3d 538, 539 (5th Cir. 2011) (district court did not have jurisdiction to review the final removal order pursuant to the provisions of the REAL ID Act); <u>Castillo–Perales v. Holder</u>, 411

Fed.Appx. 695, 695–696 (5th Cir. 2011) ("The Real ID Act stripped the district courts of jurisdiction over § 2241 petitions attacking removal orders.").

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Petrovic's § 2241 petition be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __15th__ day of November, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

3